**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Terry, | No. 10-cv-0720-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Social Security Administration Commissioner, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion to Compel Defendant Michael J. Astrue, Commissioner of Social Security, to supplement the certified record. (Doc. 12). In the alternative, Plaintiff seeks a remand so that the administrative record can be supplemented. For the reasons set forth below, the Court grants Plaintiff's Motion and remands this matter to the Commissioner for further administrative proceedings.[1]

**BACKGROUND**

On August 12, 2005, claimant Linda Terry filed an application for Disability Insurance Benefits and Supplemental Security Income under Title II of the Social Security Act ("Act"), alleging a disability onset date of July 1, 2001. (R. at 14). The claim was denied

---

[1] On April 27, 2011, the Court held a hearing on this matter to clarify several issues. (Doc. 21). After the hearing, both parties, without authorization from the Court, filed supplemental briefing. The Court disregards the supplemental briefings.

1 initially on November 17, 2005, and upon reconsideration on January 31, 2007. (*Id*.).
2 Plaintiff filed an untimely request for a hearing, but good cause being established for the late
3 filing, on June 10, 2008, an Administrative Law Judge ("ALJ") conducted a hearing on
4 Plaintiff's claims. (*Id*.). Plaintiff, who was represented by counsel, testified along with a
5 vocational expert. At the hearing, Plaintiff's disability onset date was amended to June 1,
6 2004 due to a prior ALJ decision, dated May 24, 2004, which found that Plaintiff was not
7 disabled through the date of the decision. (R. at 1006–07).

In a decision dated August 22, 2008, the ALJ denied Plaintiff's application, finding that she was not disabled because "claimant does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (R. at 17) and she "has the residual functional capacity to perform sedentary/light work." (R. at 18). Thus, the ALJ concluded that Terry "has not been under a disability, as defined in the Social Security Act, from July 17, 2001 through the date of this decision." (R. at 20). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 26, 2010. (R. at 5–7).

Plaintiff filed the complaint underlying this action on March 31, 2010, seeking this Court's review of the ALJ's denial of benefits.[2] On July 28, 2010, Plaintiff filed her opening brief along with a motion to compel, or in the alternative, to remand based on the exclusion of evidence from the record relating to the amendment of Terry's alleged disability onset date as well as three sets of medical records, including those from St. Luke's, Affiliated Cardiologists, and Arizona Age Reversal and Neurology. (Doc. 12). Plaintiff contends that on the day following her hearing before the ALJ she hand-delivered notification to the Phoenix Office of Hearings and Appeals of her amended alleged onset date. According to the date-stamp on the letter, Plaintiff counsel's letter regarding amendment of the disability

---

[2] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

- 2 -

1 onset date was received on June 11, 2008, the day after Plaintiff's hearing. (Doc. 12-1, Doc.
2 15). In that letter, Plaintiff amended her disability onset date from July 17, 2001 to November
3 1, 2006 based on the vocational expert's hearing testimony that there would be no work for
4 Terry based on Dr. Prieve's report of December 2006 and her moderate mental limitations,
5 as found by her treatment providers. (R. at 46–61, 206–15, 972–974). The medical records
6 which Plaintiff seeks to add to the record were submitted prior to the hearing, between June
7 3, 2008 and June 5, 2008, but were never added to the record. On August 3, 2010, Defendant
8 supplemented the record with a copy of Plaintiff's emergency medical records from the
9 Temple St. Luke's Hospital, dated June 22, 2007. (Doc. 14). Defendant clarified that the
10 documents "were inadvertently omitted from the administrative record in the case of Linda
11 Terry, certified on April 27, 2010." (*Id.*). However, the medical records from Affiliated
12 Cardiologists and Arizona Age Reversal and Neurology (Dr. Shafran) were not added. The
13 ALJ does not appear to have considered either the amended disability onset date or any of
14 the medical records at issue in her August 22, 2008 decision.

## DISCUSSION

16 Plaintiff argues that the ALJ erred by not including the amended disability onset date
17 in the record and by not considering the new date. Rather, the ALJ denied Terry's claim
18 based on evidence dated prior to the amended onset date. The ALJ further erred by not
19 adding three of Plaintiff's medical records to the administrative record. Although Plaintiff
20 requests that the Court supplement the record with the requested evidence before reviewing
21 it, the more appropriate remedy in these circumstances is to remand for further factual
22 proceedings. *See Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1195 n.3 (9th Cir. 2008)
23 ("The proper remedy for an inadequate record . . . is to remand to the agency for further fact
24 finding.").

25 Under the Social Security Act, 42 U.S.C. § 401, *et seq.*, there are only two kinds of
26 possible remands. *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Sentence four permits
27 remand "in conjunction with a judgment affirming, modifying, or reversing the
28 [Commissioner's] decision." *Id.* at 99–100 (citing 42 U.S.C. § 405(g)). Sentence six permits

1  remand to allow the agency to take some further action, or to consider new evidence not
2  presented previously. *See id.* at 100. Pursuant to sentence six, the Court may remand the case
3  without ruling on the merits only in two situations: 1) "where the Secretary requests a remand
4  before answering the Complaint," or 2) "where new, material evidence is adduced that was
5  for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2
6  (1993) (citing *Melkonyan*, 501 U.S. at 100 & n.2); *Sullivan v. Finkelstein*, 496 U.S. 617, 626
7  (1990)).[3] The latter is the proper avenue for Plaintiff.

8  Defendant argues that remand is not appropriate because the evidence in question is
9  not material. The Ninth Circuit has stated that "[n]ew evidence is material when it 'bear[s]
10 directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility
11 that the new evidence would have changed the outcome of the . . . determination.'" *Luna v.*
12 *Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (alterations and omissions in original) (citing
13 *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)). In addition, evidence is new and
14 material only where it relates to the period on or before the date of the ALJ's decision. *See*
15 20 C.F.R. § 404.970. Plaintiff amended her alleged disability onset date on June 11, 2008,
16 one day after her hearing before the ALJ and well before the ALJ's decision, dated August
17 22, 2008. The date-stamps on the two omitted medical records at issue indicate that they were
18 received on June 3 and June 5, 2008, also before the date of the ALJ's decision. Additionally,
19 at minimum, the amended disability onset date certainly bears directly and substantially on
20 the matter in dispute because it determines the relevant time frame. Pursuant to the Social
21 Security Act, the disability onset date determines the date from which a claimant is allegedly
22 unable to engage in "any substantial gainful activity by reason of any medically determinable

---

[3] The statutory text providing for such orders states the following: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner . . . *and* it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added).

1  physical or mental impairment which can be expected to result in death or which has lasted
2  or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §
3  404.1505(a).

4      Because consideration of Plaintiff's amended alleged disability onset date is material
5  to her case and Defendant, in its Response, has offered no convincing reason for its failure
6  to incorporate this evidence as well as the medical documents from Affiliated Cardiologists
7  and Dr. Shafran into the record, remand is appropriate. In Social Security cases, the ALJ has
8  an independent "duty to fully and fairly develop the record and to assure that the claimant's
9  interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)
10 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (internal quotation marks
11 omitted)). Accordingly, further consideration of the factual issues in light of the amended
12 disability onset date and omitted medical records is appropriate to determine whether the
13 outcome should be different.

14     **IT IS HEREBY ORDERED** that:

15     1. Defendant's Motion for Leave to File a Supplemental Brief is **DENIED** (Doc. 26);
16     2. Plaintiff's Motion to Compel, or alternatively to remand, is **GRANTED** (Doc. 12);
17 and

18     2.  The Clerk of the Court is directed to **REMAND** back to the Social Security
19 Administration pursuant to 42 U.S.C. § 405(g), sentence six, for further administrative
20 proceedings consistent with the amended alleged onset date of November 1, 2006. The ALJ
21 is directed to determine whether Plaintiff's certified record should be supplemented with the
22 following documents: 1) Plaintiff counsel's letter, dated June 11, 2008, modifying the alleged
23 disability onset date, 2) medical records from Affiliated Cardiologists, and 3) medical records
24 by Dr. Shafran at Arizona Age Reversal and Neurology.

25     Dated this 2nd day of May, 2011.

26
27                                     G. Murray Snow
28                                     United States District Judge